FILED

DEC 04 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LAVELL HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. C 14-3305 PSG (PR)<br><br>**ORDER OF DISMISSAL** |

James LaVell Harris, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint.

## I. DISCUSSION

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-3305 PSG (PR)
ORDER OF DISMISSAL

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.   Plaintiff's Claim

Harris alleges that, in June 2014, Defendants impeded Harris' efforts to pursue administrative grievances by rejecting his appeals based on procedural deficiencies, refused to allow Harris to copy his federal litigation pleadings, and have not provided him with legal supplies. Harris claims that Defendants have violated California's Unruh Civil Rights Act and several other California statutes.

However, Section 1983 does not impose liability for violations of duties of care arising out of state tort law.[5] To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.[6] Harris' eighteen causes of action clearly allege only violations of state law. Even liberally construing Harris' complaint, the court declines to construe it as one alleging a denial of access to courts, in violation of the First Amendment because Harris does not allege, and the facts do not support, that he was actually injured. Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived.[7]

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989).

[6] *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

[7] *See Nevada Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Case No. C 14-3305 PSG (PR)
ORDER OF DISMISSAL

## II. CONCLUSION

Accordingly, this action is dismissed for failure to state a claim. The Clerk shall terminate all motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: 12-3-14

PAUL S. GREWAL
United States Magistrate Judge

Case No. C 14-3305 PSG (PR)
ORDER OF DISMISSAL

3